[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
STATEMENT OF THE CASE
In September of 1994, these parties formed "Elm City Management LLC" (Chapel LLC) in which each party owned a one half interest. In due course, the LLC purchased an income producing property: 1409-1417 Chapel Street, New Haven.
In 1996, they formed "Springside Management LLC" (Springside LLC) and purchased income producing property at 25-35 Spring Avenue, New Haven.
The parties apparently envisioned a venture in which their joint efforts would be applied to repairing, maintaining and managing these rental properties. "Apparently" is the appropriate term to apply, because in short order the original harmonious relationship between the parties disintegrated and Lewis returned to Ireland, leaving Mulhall to cope with the LLC's and his own independent bar and grille venture.
With charges and counter-charges flowing in all directions, the parties wound up in this litigation. In the course of the pre-trial motion process, the parties decided to expedite matters and achieve a swift resolution by submitting the issues to this court by a stipulation for binding arbitration.
The parties presented a stipulation of facts, a stipulation as to the real estate values, evidence was taken and briefs filed, concluding with the defendant's reply brief filed on October 18, 2000.
 DISCUSSION I
As is frequently the case when partners or other participants in a joint venture disagree, there is no written agreement outlining the various roles of the parties and addressing any unforeseen developments. Thus, there is no contingency plan and the court is left with two versions of the intention of the parties, colored of course by how that party sees the issues. Hindsight also sums to play a role in how the parties have responded.
The event which precipitated the schism was the decision by Lewis to CT Page 14002 return to Ireland, though signs of discord appeared earlier. Mulhall claims this was a breach of Lewis' obligation, Lewis replies that his stay was not to be permanent and Mulhall's new business venture was the disruptive factor.
Thus, while each party alleges a breach of duty on the part of the other, the actual record leaves a confused pattern of alleged fault and misfeasance. Each side can point to acts it claims support its position. Unfortunately, the court has no clear statement as to who was to do what, when and for how long.
Against this background, each party wishes to buy out the other and seeks to advance the position that the would be purchaser is "on the side of the angels" and should be favored as deserving to inherit these desirable assets.
In the court's view, it is unfortunate that the parties have proceeded to this point as they possess a viable business with a bright future.
That being said the court must adopt a solution which is fair and equitable to each 50% interest holder. Fault or negligence not having been proven, the court concludes the interests of both parties would be best served by both properties being sold at private sale.
They are therefore ordered to be listed with Gary Witten, realtor, at such price as his firm determines to be appropriate.
 II
The net proceeds of each sale shall be distributed equally between Frank Lewis and Christopher Mulhall, after payment of mortgages, taxes, closing costs, real estate commission,* and the credits outlined below.
a. Credits due Christopher Mulhall:
Balance due, Chapel Street advance $50,000.00
Balance due, Bank of Ireland $19,000.00
Balance due, Capital Investment $23,782.00
 Equalize draw $ 2,475.00 __________ b. Credits due Frank Lewis $95,257.00 Rent discrepancy, per Mr. Barbera CT Page 14003 $ 2,684.00 Laundry income, matching sum retained by Mulhall $13,000.00 __________ $15,684.00
Notes to above:
 a. Lewis should also reimburse Mulhall for $1400, one half of interest payment to Bank of Ireland
 b. The plaintiffs request that the Lewis credits be tripled because of Mulhall's conversion" is rejected.
 CONCLUSION
The terms above shall constitute a binding award to the parties in accordance with the the general submission by stipulation.
 Anthony V. DeMayo Judge Trial Referee